IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00051-MR

| | |
|---|---|
| CHRISTI LYNN KIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 15] and the Defendant's Motion for Summary Judgment [Doc. 18].

**I.   BACKGROUND**

On February 20, 2012, the Plaintiff, Christi Lynn Kirk ("Plaintiff"), filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of June 2, 2009.[1] [Transcript ("T") at 86]. The Plaintiff's claims were initially denied

---

[1] Notably, the Plaintiff filed her application for benefits before March 27, 2017, when the regulations controlling the weighing of medical opinion evidence changed. [T. at 86, 507-08].

on May 17, 2012, [id. at 126], and again denied upon reconsideration on September 5, 2012, [id. at 133]. On the Plaintiff's request, a hearing was held on June 12, 2014 before an Administrative Law Judge ("ALJ"). [Id. at 24]. On August 22, 2014, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 24-34].

On November 14, 2015, the Appeals Council denied the Plaintiff's request for review. [Id. at 1]. The Plaintiff appealed the Commissioner's decision to the United States District Court for the Western District of North Carolina, and, on March 13, 2017, this Court entered an Order reversing and remanding the decision of the Commissioner. [Id. at 505]. This Court held that remand was required because the ALJ failed to conduct a "function-by-function analysis of the Plaintiff's mental health limitations and work-related abilities prior to expressing his [residual functional capacity] assessment," [id. at 499], and "fail[ed] to properly evaluate the opinion of Dr. Eustice, as well as all of the other medical source opinion evidence," [id. at 505].

On July 23, 2018, the Appeals Council vacated the ALJ's August 22, 2014 decision and remanded this case to the ALJ for further proceedings. [Id. at 486]. The Appeals Council further noted that the Plaintiff filed an additional application for supplemental security income under Title XVI of the

Act on February 23, 2016.[2] [Id.]. The Plaintiff's claim for benefits under Title XVI was again denied initially and upon reconsideration. [Id. at 520, 536].

On April 17, 2019, a second hearing was held before the ALJ. [Id. at 400]. At that hearing, the ALJ combined the Plaintiff's claims under Title II and Title XVI to be heard together. [Id.]. Therefore, the ALJ reviewed the entire period from the Plaintiff's alleged onset date of June 2, 2009 through the date of the ALJ's second decision on July 5, 2019. [Id.]. On July 5, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 413].

On August 1, 2019 and September 17, 2019, the Plaintiff submitted written exceptions disagreeing with the ALJ's July 5, 2019 decision. [Id. at 389]. On February 28, 2020, the Appeals Council notified the Plaintiff that the Council considered the Plaintiff's exceptions and determined that no further review is warranted, thereby making the ALJ's July 5, 2019 decision the final decision of the Commissioner. [Id. at 389-90]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

---

[2] The Appeals Council also noted that there was no overlapping period between the Plaintiff's claim under Title II and the Plaintiff's claim under Title XVI because the Plaintiff's date last insured expired on December 31, 2013. [Id.]. In her claim for benefits under Title XVI, the Plaintiff alleges the same onset date of June 2, 2009. [Id. at 508].

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal

quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanation." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

**III.   THE SEQUENTIAL EVALUATION PROCESS**

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or

6

work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work.  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy.  Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).  "The Commissioner typically offers this evidence through the testimony of a vocational expert [("VE")] responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635; see also 20 C.F.R. §§ 404.1520, 416.920.  If the Commissioner succeeds in shouldering his burden at step five, the claimant

7

is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since June 2, 2009, the alleged onset date. [T. at 402]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "scoliosis, depressive disorder and generalized anxiety disorder with agoraphobia and panic attacks." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 403]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can never climb roofs, ladders or scaffolds; occasionally climb ramps and stairs and should avoid concentrated exposure to hazards. In addition, the claimant is able to stay on task for two hours at a time throughout the workday, but she is limited to performing unskilled, simple, routine and repetitive tasks of unskilled work; non-production rate work; work requiring no complex decision-making, no crisis situations, no constant change in routine, occasional interaction with co-workers and supervisors and no interaction with the public.

[Id. at 404].

At step four, the ALJ identified the Plaintiff's past relevant work as legal secretary, office clerk, reception clerk, and teacher's aid. [Id. at 411]. The ALJ determined, however, that the Plaintiff is "unable to perform her semi-skilled to skilled past relevant work as actually or generally performed." [Id.]. At step five, the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform jobs existing in significant numbers in the national economy, including small parts assembler, electronic worker, and laundry folder. [Id. at 412]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from June 2, 2009, the alleged onset date, through July 5, 2019, the date of the decision. [Id. at 412-13].

## V. DISCUSSION[3]

As one of her assignments of error, the Plaintiff argues that the ALJ "gave 'substantial' weight to the opinion of the State agency medical consultant, but did not fully account for the limitations assessed, or explain why all the limitations were not accepted." [Doc. 16 at 8]. Specifically, the Plaintiff asserts that State agency psychological consultant Dr. Sharon Skoll found that the Plaintiff is capable of completing "simple two step commands,"

---

[3] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

9

Case 5:20-cv-00051-MR    Document 22    Filed 08/16/22    Page 9 of 16

but the ALJ failed to include this limitation in the RFC or explain why he did not include it in the RFC. [Id. at 9]. The Plaintiff further argues that "[a] limitation to two step commands is inconsistent with the requirements of the jobs identified by the vocational witness." [Id.].

The RFC is "the most [a claimant] can do despite [his or her] limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189.

The ALJ is not required to discuss every item of evidence in the record when determining the claimant's RFC. Reid v. Comm'r of Soc. Sec., 796 F.3d 861, 865 (4th Cir. 2014). However, the ALJ must address each "medical opinion" in the claimant's record and include a weight given to each opinion. Woods, 888 F.3d at 695. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio, 780 F.3d

10

Case 5:20-cv-00051-MR   Document 22   Filed 08/16/22   Page 10 of 16

at 636 (citing Social Security Ruling 96-8p). Ruling 96-8p further provides, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

Therefore, if an ALJ assigns significant, substantial, or great weight to a medical opinion, but implicitly rejects part of that opinion by failing to include a limitation in the RFC, the ALJ must explain the inconsistency. Ezzell v. Berryhill, 688 Fed. App'x 199, 201 (4th Cir. 2017); see also Thomas v. Berryhill, No. 1:16-cv-2774-MBS-SVH, 2017 WL 3037472, at *13 (D.S.C. June 26, 2017); Chambless v. Saul, No. 1:19-cv-00322-MR-WCM, 2020 WL 5577883, at *6 (W.D.N.C. Sept. 17, 2020); Nalley v. Saul, No. 1:18-cv-00301-FDW, 2019 WL 6598221, at *4-5 (W.D.N.C. Dec. 4, 2019) (collecting cases). An "ALJ's decision cannot be supported by substantial evidence when he fails to adequately explain his rationale for rejecting the opinion of those whom he otherwise gave great weight to in arriving at his decision." Lataures L. v. Comm'r of Soc. Sec., No. 4:18-cv-00067, 2020 WL 2066756, at *7 (W.D. Va. Mar. 27, 2020), report and recommendation adopted, No. 4:18-cv-00067, 2020 WL 2065872 (W.D. Va. Apr. 29, 2020) (quoting Warren

v. Astrue, No. 2:08-cv-00003, 2008 WL 3285756, at *11 (W.D. Va. Aug. 8, 2008)).

Here, the ALJ gave the State psychological consultants, including Dr. Skoll, "substantial weight." [T. at 410]. The ALJ stated that:

> The State agency psychological consultants found that the claimant [is] able to maintain attention and concentration for at least two hours at a time; carry out short and simple instructions; perform simple, routine and repetitive tasks and adapt to simple changes in low stress, low production work environment and to get along with other[s] such as coworkers and supervisors in settings with limited interpersonal demands. The undersigned gives substantial weight to the mental limitations imposed by the State agency, but further adds that the claimant can have occasional interaction with coworkers and supervisors but can have no interaction with the public because these additional limitations are supported by the evidence of record.

[Id.].

Dr. Skoll conducted a Mental Residual Functional Capacity Assessment at the initial determination level for the Plaintiff's original application for benefits filed on February 20, 2012. [Id. at 86, 97-100]. Dr. Skoll found that the Plaintiff was "moderately limited" in her ability to "understand and remember detailed instructions," and, when asked to "[e]xplain in narrative form the presence and degree of specific understanding and memory limitations," Dr. Skoll indicated, in part, that the

Plaintiff "demonstrates the ability to complete simple two step commands." [Id. at 98].

The ALJ does not reference Dr. Skoll's opinion that the Plaintiff is limited to "simple two step commands" in his discussion of the State agency psychological consultants. [See id. at 410]. Further, the ALJ does not include any limitation that the Plaintiff can follow "simple two step commands" in the RFC. The Plaintiff's mental RFC states only that:

> [The Plaintiff is] able to stay on task for two hours at a time throughout the workday, but she is limited to performing unskilled, simple, routine and repetitive tasks of unskilled work; non-production rate work; work requiring no complex decision-making, no crisis situations, no constant change in routine, occasional interaction with co-workers and supervisors and no interaction with the public.

[Id. at 404].

Thus, despite giving substantial weight to the opinions of the State agency psychological consultants, the ALJ implicitly rejected the portion of Dr. Skoll's opinion that limited the Plaintiff to "simple two step commands" by declining to include that limitation in the RFC. However, the ALJ failed to offer any explanation for rejecting that portion of Dr. Skoll's opinion. As the ALJ's RFC assessment does not discuss this portion of Dr. Skoll's opinion, the Court is "left to guess" as to whether the ALJ considered this portion of

the opinion when formulating the Plaintiff's RFC, and if it was considered, how it was considered.  Mascio, 780 F.3d at 637.

This is not a harmless error as the unsupported RFC conclusion was provided as the hypothetical for the VE to allow the VE to determine if there were any jobs that the Plaintiff could perform in the national economy.[4]  [T. at 479-80].  The ALJ concluded that the Plaintiff could perform the jobs of "small parts assembler," "electronic worker," and "laundry folder," all of which have a GED reasoning level of 2.  [Id. at 412]; see also Dictionary of Occupational Titles ("DOT"), 706.684-022, 726.687-010, 369.687-018.  A GED reasoning level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations."  DOT, App. C, 1991 WL 688702.  The Fourth Circuit has found "that there is an apparent conflict between an RFC that limits [a claimant] to one-to-two step instructions and GED reasoning Code 2, which requires the ability to understand detailed instructions." Henderson v. Colvin, 643 Fed. App'x 273, 277 (4th Cir. 2016); see also

---

[4] The ALJ asked the VE whether work is available for a person with the Plaintiff's age, education, work experience, physical limitations, and the following additional limitations: "simple, routine, repetitive tasks. Unskilled work. No complex decision making. No crisis situations. No constant change in routine. Occasional interaction with others. Can stay on task for two hours at a time," and "no interaction with the public."  [T. at 479-80].

14

Chambless, 2020 WL 5577883, at *6. Accordingly, this error requires remand because the additional limitation of "simple two step commands" would eliminate all of the jobs suggested by the VE.

A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ's decision should include a narrative discussion of the evidence, as required by SSR 96-8p, explaining how he reconciled that evidence to his conclusions. In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed on remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 15] is **GRANTED,** and the Defendant's Motion for Summary Judgment [Doc. 18] is **DENIED.** Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the

Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

    **IT IS SO ORDERED.**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge